SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
  James P. Hill, California SBN 90478
  Barton L. Jacka, Nevada SBN 7031
  Marilyn S. Scheer, California SBN 132544
415 South 6th Street, Suite 200
Las Vegas, Nevada 89101
Telephone: (702) 382-6440
Fax Number: (702) 384-9102

Attorneys for William A. Leonard, Jr.,
Chapter 7 Trustee

SHEA & CARLYON, LTD.
  Candace C. Carlyon, Nevada SBN 2666
  Brett Barratt, Nevada SBN 8368
233 South Fourth Street, Suite 200
Las Vegas, NV 89101
Telephone: (702) 471-7432
Fax Number: (702) 471-7435

Local Counsel for William A. Leonard, Jr.,
Chapter 7 Trustee

Electronically Filed
7/22/04

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>NATIONAL AUDIT DEFENSE NETWORK,<br><br>    Debtor.<br>_____<br><br>WILLIAM A. LEONARD, JR., Chapter 7 Trustee,<br><br>    Plaintiff,<br>v.<br><br>ALAN RODRIGUEZ, also known as ALAN RODRIGUES; ALAN II, INC.; R AND R FINANCIAL, INC.; DIAMOND MARKETING, LTD.; M.J. SALES, INC.; and ELITE SOLUTIONS USA, INC.,<br><br>    Defendants. | CASE NO. BK-S-03-17306-BAM<br>Chapter 7<br><br>ADV. NO.<br><br>**TRUSTEE'S COMPLAINT:**<br><br>**(1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS;**<br><br>**(2) TO IMPOSE CONSTRUCTIVE TRUSTS;**<br><br>**(3) FOR IMPOSITION OF EQUITABLE LIENS;**<br><br>**(4) FOR UNJUST ENRICHMENT; AND**<br><br>**(5) FOR ALTER EGO LIABILITY**<br><br>Judge:   Hon. Bruce A. Markell |

::ODMA\PCDOCS\PCDOCS\223924\1

The Plaintiff, William A. Leonard, Jr., as Chapter 7 trustee alleges:

## I.

## JURISDICTION AND PARTIES

1. This case was commenced when National Audit Defense Network, Inc. (the "Debtor" or "NADN") filed for voluntary relief under Chapter 11 of the Bankruptcy Code on June 11, 2003. The Debtor's case was converted to one under Chapter 7 on May 27, 2004. William A. Leonard, Jr. was appointed as the duly qualified and acting Chapter 7 trustee (the "Trustee") of the Debtor's estate on May 27, 2004. The Trustee is currently administering the Debtor's estate for the benefit of creditors.

2. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. §§ 157 and 1334.

3. This adversary action is commenced pursuant to sections 544, 548 and 550 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7001.

4. This action is a core proceeding under 28 U.S.C. §§ 157(b)(2). This action relates to the bankruptcy case of In re National Audit Defense Network, Case No. BK-S-03-17306-BAM, presently pending in the United States Bankruptcy Court for the District of Nevada.

5. To the extent that the Trustee asserts claims under section 544(b) of the Bankruptcy Code, the Trustee is informed and believes, and based thereon alleges, that there exist in this case one or more creditors, holding unsecured claims allowable under section 502 of the Bankruptcy Code or that are not allowable only under Section 502(e) thereof, which can avoid the respective transfers or obligations under Nevada or other applicable law.

6. Alan Rodriguez aka Alan Rodrigues ("Rodriguez") is an individual who at all times relevant hereto resided in Clark County, Nevada. At all times relevant hereto, Rodriguez served as either an officer, director or general manager of the Debtor. Rodriguez was in control of the Debtor's financial affairs and business operations from 1999 through the date of the conversion of the Debtor's bankruptcy case to Chapter 7 on May 27, 2004.

///

::ODMA\PCDOCS\PCDOCS\223924\1

7. Alan II, Inc. ("Alan II") is a Nevada corporation, which at all times relevant hereto was owned and controlled by Rodriguez.

8. R and R Financial, Inc. ("R and R") is a Nevada corporation, which at all times relevant hereto was owned and/or controlled by Rodriguez.

9. Diamond Marketing, Ltd. ("Diamond") is a Nevada corporation, which at all times relevant hereto was owned and/or controlled by Rodriguez

10. M.J. Sales, Inc. ("MJ") is a Nevada corporation, which at all times relevant hereto was owned and/or controlled by Rodriguez.

11. Elite Solutions USA, Inc. ("Elite") is a Nevada corporation, which at all times relevant hereto was owned and/or controlled by Rodriguez.

12. The Trustee is informed and believes, and based thereon alleges, that the defendants, and each of them, were at all material times the agents and/or employees of one another in doing the acts herein alleged.

## II.

## FIRST CLAIM FOR RELIEF

(To Avoid and Recover Fraudulent Transfers Against All Defendants)

[11 U.S.C. § 548(a)(1) and N.R.S. 112.180(a)]

13. The Trustee realleges paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Prior to conversion to Chapter 7, NADN was engaged in the business of providing business and tax strategies to individuals seeking primarily to defer or avoid payment of taxes through various schemes, not all of which were regarded as legal or proper by state and federal governmental agencies. Millions of dollars in fee income passed through NADN coffers prior to and during its Chapter 11 case before the doors of the business were closed. Much of the money collected by the Debtor is no longer in its control because such funds were fraudulently transferred to third parties, including but not limited to Rodriguez, Alan II, R and R, MJ, Diamond and Elite.

///

15.   The Trustee is informed and believes, and based thereon alleges, that throughout the Debtor's existence, Rodriguez signed, executed and was involved in a series of transactions whereby the Debtor's assets were transferred to him, to the other defendants named herein and/or to third parties for his benefit, and/or to other defendants or entities owned and controlled by him. These transactions consisted of cash and check transfers totaling more than $2,500,000 (the "Transfers"). Such transactions may have also included transfers of other forms of property interests which the Trustee has not yet discovered.

16.   The Trustee is informed and believes, and based thereon alleges, that the Transfers were made by the Debtor and/or Rodriguez with the actual intent to hinder, delay and/or defraud the Debtor's creditors.

17.   The Trustee may avoid and recover the Transfers pursuant to Sections 544(b) and 548(a)(1) of the Bankruptcy Code, and applicable Nevada law (N.R.S. 112.180(a)).

18.   The Trustee may recover damages on account of the Transfers plus interest thereon at the maximum legal rate under Section 550 of the Bankruptcy Code.

## III.

## SECOND CLAIM FOR RELIEF

(To Avoid and Recover Fraudulent Transfers Against All Defendants)

[11 U.S.C. § 548(a)(2) and N.R.S. 112.190(1)]

19.   The Trustee realleges paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20.   The Trustee is informed and believes, and based thereon alleges, that the Debtor received less than a reasonably equivalent value in exchange for the Transfers.

21.   The Trustee is informed and believes, and based thereon alleges, that when the Debtor made each of the Transfers, the Debtor was insolvent or became insolvent as a result of such Transfers.

22.   By reason of the foregoing, the Trustee may avoid the Transfers pursuant to Sections 544(b) and 548(a)(2) of the Bankruptcy Code, and applicable Nevada law (N.R.S. 112.190(1)).

-4-

::ODMA\PCDOCS\PCDOCS\223924\1

23. The Trustee may further recover damages on account of the Transfers plus interest thereon at the maximum legal rate under Section 550 of the Bankruptcy Code.

## IV.

## THIRD CLAIM FOR RELIEF

### (To Avoid and Recover Fraudulent Transfers Against All Defendants)

### [11 U.S.C. § 548(a)(2) and N.R.S. 112.180(b)(1)]

24. The Trustee realleges paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. The Trustee is informed and believes, and based thereon alleges, that when the Debtor made each of the Transfers, the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which its remaining property was an unreasonably small capital.

26. By reason of the foregoing, the Trustee may avoid the Transfers pursuant to Sections 544(b) and 548(a)(2) of the Bankruptcy Code, and applicable Nevada law (N.R.S. 112.180(b)(1)). The Trustee may further recover damages on account of the Transfers plus interest thereon at the legal rate under Section 550 of the Bankruptcy Code.

## V.

## FOURTH CLAIM FOR RELIEF

### (To Avoid and Recover Fraudulent Transfers Against All Defendants)

### [11 U.S.C.§ 548(a)(2) and N.R.S. 112.180(b)(2)]

27. The Trustee realleges paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. The Trustee is informed and believes, and based thereon alleges, that by making the Transfers, the Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

///

29. By reason of the foregoing, the Transfers are avoidable pursuant to Sections 544(b) and 548(a)(2) of the Bankruptcy Code, and applicable Nevada law (N.R.S. 112.180(b)(2)).

30. The Trustee may recover damages on account of the Transfers plus interest thereon at the legal rate under Section 550 of the Bankruptcy Code.

## VI.

### FIFTH CLAIM FOR RELIEF

#### (To Impose Constructive Trusts Against All Defendants)

31. The Trustee realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. The Trustee is informed and believes, and based thereon alleges, that certain funds were fraudulently transferred to the defendants, so that the Trustee is entitled to a determination that the defendants hold these funds in trust for the benefit of the Trustee and the Debtor's bankruptcy estate.

## VII.

### SIXTH CLAIM FOR RELIEF

#### (For Imposition of Equitable Liens)

33. The Trustee realleges paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Based on the defendants' wrongful conduct as alleged in this Complaint, the Trustee is entitled to impress the defendants' property with equitable liens to prevent unjust enrichment, to do justice in equity and to prevent an unfair result. The Trustee is also entitled to sell defendants' property to satisfy defendants' indebtedness to the Debtor's estate.

/ / /

/ / /

/ / /

/ / /

## VIII.

## SEVENTH CLAIM FOR RELIEF

### (To Avoid Unjust Enrichment Against All Defendants)

35. The Trustee realleges paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. The Trustee is informed and believes, and based thereon alleges, that as a result of the Transactions, the defendants have been unjustly enriched so that the Trustee is entitled to recover from the defendants damages on account of the Transfers plus interest thereon at the maximum legal rate.

## IX.

## EIGHTH CLAIM FOR RELIEF

### (For Alter Ego Liability Against All Defendants)

37. The Trustee realleges paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. The Trustee is informed and believes, and based thereon alleges, that there exists and at all times mentioned herein existed a unity of interest and ownership between the named defendants, such that any individuality and/or separateness between the defendants ceased.

39. Rodriguez was the alter ego of each of the defendants named herein. Alan II, R and R, MJ, Diamond and Elite as well as all of Rodriguez' other corporations, were mere shells, without sufficient capital or assets to conduct a legitimate business. Alan II, R and R, MJ, Diamond and Elite were inadequately capitalized and functioned as sham corporations, solely for Rodriquez' personal benefit.

40. There exists, and at all times mentioned herein, has existed a unity of interest and ownership between the defendants, such that any separateness has ceased to exist. The defendants used their own assets and those of the Debtor for their personal use, caused assets of the Debtor to be transferred to them without adequate consideration, and obtained funds from the Debtor's business

///

-7-

1   accounts for their own personal use. Any separateness between them has ceased to exist, in that
2   defendants completely controlled, dominated, managed and operated each other.

3     41. The defendants intermingled the Debtor's assets with their own, fraudulently obtained
4   assets from the Debtor to suit the convenience of Rodriguez and in order to evade payment of taxes
5   and other legitimate obligations.

6     42. Rodriguez and the entities in which he holds an interest are and were at all times
7   relevant hereto mere shells, instrumentalities and conduits through which the defendants carried on
8   their business for Coolidge's primary if not sole benefit.

9     43. Alan II, R and R, MJ, Diamond and Elite were controlled, dominated and operated by
10  Rodriguez as his individual business and alter ego.

11    44. The activities and business of Alan II, R and R, MJ, Diamond and Elite were carried
12  out without the holding of directors' or shareholders' meetings. No records or minutes of any
13  corporate proceedings are believed to have been maintained by Alan II, R and R, MJ, Diamond or
14  Elite. Each of the corporate defendants named herein entered into personal transactions with each
15  other and the Debtor without the approval of corporate directors or shareholders.

16    45. Adherence to the fiction of the separate existence of Alan II, R and R, MJ, Diamond
17  and Elite from Rodriguez would permit an abuse of the corporate privilege and would sanction fraud
18  and permit injustice because creditors of the Debtor's estate will suffer injury.

19    46. The Trustee is therefore entitled to a judgment against the defendants, jointly and
20  severally, in a sum according to proof at trial, plus interest at the maximum rate allowed by law and
21  reimbursement of costs.
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Sullivan, Hill, Lewin, Rez & Engel
415 South 6th Street, Suite 200
Las Vegas, Nevada 89101
(702) 382-6440

.::ODMA\PCDOCS\PCDOCS\223924\1

1  WHEREFORE, the Trustee respectfully prays for judgment against all defendants, Alan
2  Rodriguez, Alan II, Inc, R and R Financial, Inc, M.J. Sales, Inc., Diamond Marketing, Ltd., and Elite
3  Solutions USA, Inc., jointly and severally, in a sum according to proof, which should not be less than
4  $2,500,000, plus interest thereon at the maximum legal rate and the costs of this action.

Dated:   July 22, 2004

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation

By: *[signature]*
Barton L. Jacka
Attorneys for William A. Leonard, Jr.,
Plaintiff and Chapter 7 Trustee

::ODMA\PCDOCS\PCDOCS\223924\1